# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ANTUAN DUANE DUNLAP, <br> Defendant. | Case No. 2:13-cr-00126-ODW-3 <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION OF THE COURT'S ORDER RELEASING DEFENDANT FORTHWITH [114]** |

Finding that the Government had engaged in outrageous conduct in implicating Defendant Autuan Duane Dunlap in a fictitious stash-house ruse, the Court dismissed the indictment on March 10, 2014. (ECF No. 112.) The Court ordered that Dunlap be released forthwith, and Dunlap was released that same day. In response, the Government immediately filed a Notice of Appeal and this Motion for Reconsideration of the Court's Order Releasing Defendant Forthwith. (ECF Nos. 113, 114.) The Government asks the Court to reconsider its release Order in light of the Criminal Appeals Act, 18 U.S.C. § 3731, which incorporates provisions of the Bail Reform Act of 1984, §§ 3141–56. But since the Court finds that there is no legally operative charging document upon which it could possibly detain Dunlap, the Court **DENIES** the Government's Motion. (ECF No. 114.)

The Government argues that since it filed a Notice of Appeal as authorized by § 3731,[1] the Court must determine Dunlap's detention under § 3142. *See* § 3143 ("The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order."). The Government asserts that this Court's Order Dismissing the Indictment for Outrageous Government Conduct is "legally irrelevant for the purposes [of] detention" because the Magistrate Judge already determined that Dunlap should be detained under § 3142. (Mot. 5.)

Further, the Government contends that Dunlap has not rebutted the twin presumption in favor of detention that arose under § 3142(e) due to Dunlap being charged with an offense subject to a maximum imprisonment term of 10 years or more as prescribed under the Controlled Substances Act. § 3142(e)(3)(A). That is, Dunlap has not refuted the presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e). The Government therefore requests that the Court issue a bench warrant to re-arrest Dunlap.[2]

But Dunlap contends that the Court's Order Dismissing the Indictment for Outrageous Government Conduct falls under the proviso of § 3143, i.e., the Court need not wade through § 3142's thicket, because "the defendant is otherwise subject to a release or detention order." § 3143(c).

---

[1] Curiously, the Government has both filed a Notice of Appeal and then asked the Court to at least stay the order releasing Dunlap forthwith until the Solicitor General determines whether the United States Attorney's Office should pursue an appeal of this Court's dismissal Order. The Government also cites to an article in the *United States Attorneys' Bulletin*, which states that Department of Justice attorneys need the Solicitor General's approval before pursuing, among others, an appeal of a court's order dismissing an indictment. But the Court need not resolve whether the Government's Notice of Appeal was effective, as either way, the Court finds that it may not hold Dunlap without a live charging document.

[2] In its Reply, the Government withdrew its alternative request asking the Court to stay execution of its release order, as Dunlap's release from federal detention has rendered this issue moot. (Reply 1–2.) The Government instead requests that the Court issue a bench warrant for Dunlap's arrest.

Case law has yet to fully explicate when a court should apply § 3143(c)'s proviso. One court construed the exception and found that the "court is not **required** to conduct a detention hearing when a release or detention order is otherwise in effect. However, when the court does consider detention issues following an appeal by the government, such consideration should be under the provisions of 18 U.S.C. § 3142." *United States v. Shareef*, 907 F. Supp. 1481, 1483 (D. Kan. 1995); *see also United States v. Szpyt*, 2:11-CR-228-GZS, 2013 WL 4039412, at *2 (D. Me. Aug. 7, 2013).

In its Reply, the Government offers a sensible interpretation of the clause. It asserts that the Court should construe "release order" under § 3143(c) to coincide with the requirements of a release order under § 3142(h). The latter subsection requires a judicial offer to issue a written statement setting forth the conditions of release and advising the person of the penalties for violating the provisions. Since this Court's Order Dismissing the Indictment did not enunciate the elements listed in § 3142(h), the Government contends that the Court's Order does not qualify for the release-order exception under § 3143(c).

The Government correctly points out that the Court's Order Dismissing the Indictment for Outrageous Government Conduct does not touch upon § 3142(h)'s elements. And for good reason. Since there is no longer an operative indictment, there is no possible way for the Court to further restrain Dunlap's liberty.

It is a fundamental precept of the federal criminal-justice system that generally "[n]o person shall be held to answer" for a crime "unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The Grand Jury serves another important constitutional function: ensuring that a person is not subject to seizure except upon a determination that there is probable cause that he has committed a criminal offense. *Id.* amend. IV. While the Government has presented an extensive discussion of § 3142, that section—by its very terms—only applies to "a person charged with an offense." § 3142(a). When the Court dismissed the indictment, Dunlap was no longer "charged with an offense."

Neither does the Court find that § 3143(c) compels a different result. This case presented an unsettled interplay between the Criminal Appeals and Bail Reform Acts—it even appears to be an issue of first impression. A literal reading of § 3143 might seem to indicate that the Court must navigate the § 3142 morass to determine whether to release Dunlap. Section 3143 states that the "judicial officer *shall* treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title." § 3143(c) (emphasis added). The Government has in fact appealed—or at least will likely appeal—the Court's Order Dismissing the Indictment as authorized under § 3731. That would seem to trigger mandatory application of § 3142.

But as noted above, there is no possible way that the Court could apply § 3142 to Dunlap at this time, because there is no valid indictment against him. *See* § 3142(a) (requiring that the person be charged with a crime). The Government asks the Court to issue a bench warrant to re-arrest Dunlap. But on what charge? It would run completely afoul of the Constitution for the Court to simply order that a person sit in jail because at some unknown point in the future an appellate court might reverse the court order that dropped the charges against him.

This is not the first time that a court has considered whether to detain a person following an appeal by the Government under § 3731. Many courts have addressed the issue after they suppressed incriminating evidence, finding that the evidence could not trigger § 3143(e)(3)'s presumption in favor of detention. *See, e.g.*, *United States v. Barner*, 743 F. Supp. 2d 225, 228 (W.D.N.Y. 2010); *United States v. Jay*, 261 F. Supp. 2d 1235, 1239-40 (D. Or. 2003); *United States v. Shareef*, 907 F. Supp. 1481, 1484–85 (D. Kan. 1995).

There are cases in which courts have found that the cost-benefit analysis expounded by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984), weighs in favor of using suppressed evidence to evaluate pretrial detention under § 3142. *See, e.g.*, *United States v. Fulgham*, CR 12-0124 CW KAW, 2012 WL

2792439, at *1 (N.D. Cal. July 9, 2012); *United States v. McCarty*, CR. 08-00513 JMS, 2009 WL 5061577, at *3 (D. Haw. Dec. 24, 2009); *United States v. Ailemen*, 165 F.R.D. 571, 572-73 (N.D. Cal. 1996). But all of those cases are distinguishable because the defendants were still subject to an operative charging document—quite unlike Dunlap.

The court's reasoning in *Barner* is persuasive. In that case, the district judge concluded,

> [T]he government suggests that the court "must assess the bail factors present in this case as it would in the first instance (i.e., as though there were no suppression rulings or government appeal pending)". I disagree. In determining whether defendant's motion should be granted, my focus is not on whether the previous orders of detention were proper when made, *but whether detention continues to be warranted at this time*. The [Bail Reform Act], by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward.

743 F. Supp. 2d at 228 (second alteration in original) (emphasis added) (citations omitted) (some internal quotation marks omitted). Even assuming the Court had to apply § 3142, the Court finds that the § 3142(e)(3)'s presumption in favor of detention no longer applies. That is because Dunlap is no longer charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." § 3142(e)(3)(A); *see also* § 3142(f)(2)(B) (allowing the judicial officer to reconsider the detention issue at any time before trial in light of new information).

So contrary to the Government's argument, this Court's Order Dismissing the Indictment for Outrageous Government Conduct is not "legally irrelevant"; rather, it shifts the burden of proof on the detention issue to the Government to prove by a

preponderance of the evidence that Dunlap poses a flight risk and by clear and convincing evidence that Dunlap poses a threat to the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); § 3142(f). In light of this case's new procedural posture, the Government may not simply rest on the Magistrate Judge's previous findings to sustain its burden of proof.

But even if the Government could theoretically sustain its burden, the fact remains that there is no operative charging document against Dunlap. This Court cannot and will not simply detain Dunlap because the Government disagrees with the Court's Order. Such a result would be a flagrant disregard to the Fourth and Fifth Amendments. While future events may inject Dunlap back into the prosecutorial machine, he is not currently subject to detention.

The Court finds that since it dismissed the indictment against Dunlap, it lacks the ability to order Dunlap's continued detention under § 3142, notwithstanding § 3143(c). The Court also finds that even if the Court were to evaluate § 3142's detention factors, the presumption in favor of detention no longer arises as a result of charges Dunlap previously faced, since the Court has dismissed the operative charging document against him. The Court accordingly **DENIES** the Government's Motion for Reconsideration in its entirety. The Court's previous Order releasing Dunlap from custody remains in full force and effect.

**IT IS SO ORDERED.**

March 12, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**