O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ANTUAN DUANE DUNLAP, <br> Defendant. | Case No. 2:13-cr-00126-ODW-2 <br><br> **ORDER DENYING EX PARTE APPLICATION FOR AN ORDER STAYING THE COURT'S MARCH 10, 2014 ORDER DISMISSING THE INDICTMENT [134]** |

## I. INTRODUCTION

After this Court dismissed the indictment due to outrageous government conduct and denied partial reconsideration of the Order, the Government filed this Ex Parte Application to stay the dismissal Order pending appeal before the Ninth Circuit Court of Appeals. The Government requests that the Court return the parties to the pre-dismissal status quo and issue a bench warrant for Dunlap's arrest. But the Court finds that the Government has not demonstrated a likelihood of success on the merits or that it will suffer irreparable harm—both of which are prerequisites to this Court exercising its discretion to stay the dismissal Order. Rather, the Court finds that Defendant Antuan Duane Dunlap's strong liberty interest outweighs any harm the Government might suffer and accordingly **DENIES** the Application. (ECF No. 134.)

## II. FACTUAL BACKGROUND

Finding that the Government had engaged in outrageous government conduct stemming from its fictitious stash-house ruse, the Court dismissed the indictment in this multidefendant case on March 10, 2014. (ECF No. 112.) Since there is no longer an operative charging document holding Dunlap in custody, the Court ordered that the United States Marshal's Service release him forthwith.

The Government immediately filed a Notice of Appeal and moved to have the Court reconsider its release Order. (ECF Nos. 113, 114.) The Court denied that Motion, concluding that since Dunlap was no longer "a person charged with an offense" as provided in 18 U.S.C. § 3142(a), the pretrial detentions provisions were no longer applicable.

On March 18, 2014, Defendant Joseph Cornell Whitfield moved to withdraw his guilty plea. (ECF No. 123.) The Court granted Whitfield's request to advance the hearing on that Motion. (ECF No. 128.) The Government timely opposed.

On March 28, 2014, the Government filed this Ex Parte Application seeking to stay the Court's Order Dismissing the Indictment. (ECF No. 134.) Dunlap promptly opposed. That Ex Parte Application is now before the Court for decision.

## III. LEGAL STANDARD

The United States Supreme Court has held that an appellant is not entitled to a stay of an order pending appeal as a matter of right. *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). Rather, it is matter of judicial discretion. *Id.*; *see also Nken v. Holder*, 556 U.S. 418, 433 (2009).

In determining whether to stay an order, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (internal quotation marks omitted). The party seeking the stay bears the burden of establishing that the

particular circumstances of its case justifies the court exercising its favorable discretion. *Id.* at 433–34.

## IV. DISCUSSION

Despite the Government's arguments to the contrary, none of the factors expounded by the Supreme Court weigh in favor of staying the Court's Order Dismissing the Indictment pending the Government's appeal.

### A.  Likelihood of success on the merits

The Supreme Court has held that an appellant must demonstrate a "strong showing" that it is likely to succeed on the merits to prevail on the likelihood-of-success prong. *Nken*, 556 U.S. at 434. Interpreting this element, the Ninth Circuit has interpreted this element to require that the appellant prove that "it is more likely than not" that it will prevail in its appeal. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

The Government argues that "it has well beyond a substantial case that this Court misapplied Black in its March 10, 2014[] order dismissing the indictment." (Ex Parte Appl. 6.) It then proceeds to distinguish this case's facts from those presented to the Ninth Circuit in *Black*. But Dunlap points out that the split *Black* decision is by no means settled law in light of Judge Noonan's strong dissent.

The Court fully expounded its opinion with respect to the Government's conduct in its Order Dismissing the Indictment. Had the Court understood that the Government was likely to prevail, it would have accordingly denied the dismissal motion. The Court finds that the Government has not made the requisite "strong showing" that it will prevail on appeal by merely distinguishing a few facts between *Black* and this case.

### B.  Irreparable injury to appellant absent stay

After the Supreme Court's decision in *Nken*, the Ninth Circuit held that the appellant's irreparable-harm threshold showing is a *sine qua non* of a court exercising its favorable discretion to stay an order pending appeal. *Leiva-Perez*, 640 F.3d at 965.

That is, if an appellant does not demonstrate that it will suffer irreparable harm, "then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Id.*

The Government contends that it will be irreparably harmed by having Dunlap remaining "at large unless and until the Ninth Circuit intervenes and the ATF thereafter locates him." (Ex Parte Appl. 8.) It also asserts that the investigative resources expended in locating Dunlap further establish the harm to the Government. (*Id.* n.7.) But defense counsel points out that Dunlap has not gone off the grid; rather, the ATF can find him in the starting line-up of the Compton College basketball team where he has recently matriculated.

The Court fails to see any irreparable harm that the Government will suffer absent a stay. It is hardly shocking that Dunlap remains "at large"; that is simply the effect of this Court twice ordering that he be released from pretrial custody. The Court previously declined the Government's invitation to infringe upon Dunlap's liberty simply because the Government disagreed with the Court's decision. The Court accordingly does so again.

It would also be mystifying for the Court to concluded that investigative costs incurred in trying to locate Dunlap constitute "irreparable harm" when those very costs—when spent on these stash-house reverse stings—factored into the Court's decision to dismiss the indictment. It is also the Government's affirmative choice to incur those costs. If the Government does not want to spend money locating Dunlap, it need only stop. The Court need not stay its previous Order for that to occur. In any event, Dunlap's own attorney solved the mystery of Dunlap's location. The ATF only has to buy a ticket to Dunlap's basketball game to find him.

### C. Injury to appellee

The factor the Court finds most persuasive here is the injury Dunlap would suffer if the Court stayed the Order, thus putting the parties back to the pre-March 10, 2014 status quo. As Dunlap points out, "[f]ew things in life are more damaging [than]

the loss of one's freedom and liberty." (Opp'n 6.) The Court previously declined to incarcerate Dunlap on the eventuality that the Ninth Circuit might at some unknown point reverse this Court's decision, remand for further proceedings, and require the Government to obtain a new indictment. Once again, the Court finds that Dunlap's fundamental liberty interest weighs heavily in favor of declining the stay and allowing him to remain in the community.

## D. Public interest

The Government argues that the public has a strong interest in keeping violent offenders like Dunlap off the streets pending appellate review. It also asserts that "the ATF's inability to currently locate Dunlap also evidences his flight risk if the indictment is reinstated on appeal." (Ex Parte Appl. 12.)

The Government's point is mostly a true statement. Undoubtedly, the public does have a strong interest in keeping violent offenders off the street. But the Court cannot and will not sanction a "lock 'em up" approach to criminal justice. Society does not win when the Judicial Branch abandons the Fourth Amendment and incarcerates people without an operative charging document solely because they may have committed criminal conduct in the past.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** the entirety of the Government's Ex Parte Application to stay the Court's March 10, 2014 Order Dismissing the Indictment.

**IT IS SO ORDERED.**

April 1, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

5