UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50129 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 2:13-cr-00126-ODW-3 |
| | U.S. District Court for Central California, Los Angeles |
| ANTUAN DUANE DUNLAP, AKA Antuan Dunlap, AKA Rat Tone, | **MANDATE** |
| Defendant - Appellee. | |



RECEIVED
CLERK, U.S. DISTRICT COURT

1/26/15

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MAT_____ DEPUTY

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50285 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 2:13-cr-00126-ODW-2 |
| | U.S. District Court for Central California, Los Angeles |
| JOSEPH CORNELL WHITFIELD, AKA Baby Flip, AKA Flip, AKA Joseph Whitfield, | |
| Defendant - Appellee. | |

The judgment of this Court, entered December 04, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Synitha Walker
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ANTUAN DUANE DUNLAP, AKA<br>Antuan Dunlap, AKA Rat Tone,<br><br>        Defendant - Appellee. | No. 14-50129<br><br>D.C. No. 2:13 cr-0126 ODW-3<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>JOSEPH CORNELL WHITFIELD, AKA<br>Baby Flip, AKA Flip, AKA Joseph<br>Whitfield,<br><br>        Defendant - Appellee. | No. 14-50285<br><br>D.C. No. 2:13 cr-0126 ODW-2 |

Appeals from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 20, 2014
Pasadena, California

Before:       TASHIMA, W. FLETCHER, and BYBEE, Circuit Judges.

The United States appeals from the district court's orders dismissing an indictment against Defendants Antuan Dunlap and Joseph Whitfield on the ground of outrageous government conduct. *See United States v. Hudson*, 3 F. Supp. 3d 772 (C.D. Cal. 2014); *United States v. Whitfield*, 2014 WL 2761408 (C.D. Cal. June 18, 2014). Both Defendants were arrested as part of the same reverse-sting operation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), in which Defendants planned to rob an imaginary cocaine stash house invented by ATF agents. The government also moves that the case be reassigned to a different judge for any further proceedings. We have jurisdiction under 28 U.S.C. § 1291. We reverse and order reassignment.

1.       The district court erred in concluding that the government's conduct met the "extremely high standard" necessary to dismiss an indictment for outrageous government conduct. *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Garza-Juarez*, 992 F.2d 896, 904 (9th Cir. 1993)). We have previously held that similar reverse-sting operations, if properly conducted, are a permissible law enforcement tactic. *See id.* at 309-10; *United*

2

*States v. Williams*, 547 F.3d 1187, 1201 (9th Cir. 2008).  The government's

conduct here does not go beyond the bounds of what we found acceptable in *Black*.

The ATF targeted individuals who had already demonstrated an interest in

committing robberies, and did little more than "set the 'bait'" by inventing a

fictitious cocaine stash house they could rob.  *Black*, 733 F.3d at 310.  Once the

bait was set, Defendants "responded with enthusiasm."  *Id.* at 307.  They planned

nearly every detail of the robbery without assistance, including how many men

they would bring, what weapons they would use, how they would dress, how they

would break into the stash house, how they would restrain any guards, where they

would hide after the robbery, and where they would sell the stolen cocaine.

Defendants themselves also provided the guns, disguises, and zip ties necessary for

them to carry out the robbery according to the plans they made.  The government's

conduct here did not "violate fundamental fairness or shock the universal sense of

justice mandated by the Due Process Clause of the Fifth Amendment."  *Williams*,

547 F.3d at 1200 (internal quotation marks and alterations omitted).

        While we, like the district court, question the wisdom of the government's

expanding use of fake stash house sting operations, we are bound by our court's

prior decisions holding that when such sting operations are conducted, as in this

case, within the guidelines established by our precedent, they do not violate due

3

process and cross the line into outrageous government conduct.  The district court
was also so bound.

> **2.**     Because the district judge made statements indicating that he had
already decided how he would sentence Defendants, we also conclude that the
appearance of justice would be better served by remanding this case to a different
judge.  "We may remand to a different district judge if a party can show personal
biases or unusual circumstances, based on an assessment of three factors:  (1)
whether on remand the district judge can be expected to follow this court's
dictates; (2) whether reassignment is advisable to maintain the appearance of
justice; and (3) whether reassignment risks undue waste and duplication."  *United
States v. Kyle*, 734 F.3d 956, 966-67 (9th Cir. 2013) (citation and internal quotation
marks omitted).  "Because factors one and two are of equal importance, a finding
of either factor supports remand to a different district court judge."  *Id.* at 967
(quoting *United States v. Atondo–Santos*, 385 F.3d 1199, 1201 (9th Cir. 2004)).
Here, the district judge made a number of statements which reasonably could be
understood as indicating that he had pre-judged sentencing and intended to impose
a lenient sentence.  Most notably, during Dunlap's bail hearing, the district judge
stated, "I have it on pretty good terms and from a pretty good source [that Dunlap]
probably isn't looking at a lot of time."  In view of these circumstances, the

appearance of justice would be better served by reassigning this case to a different judge. *See id.* at 960, 967 (reassigning case, to preserve the appearance of justice, where judge had stated prior to trial that he was "prepared to impose a life sentence").

• ● •

For the forgoing reasons, the orders of the district court dismissing the indictment are reversed and this case is remanded to the district court for further proceedings with instructions that this case be randomly reassigned to a different judge in accordance with the local rules and general orders of the Central District of California.

**REVERSED and REMANDED with instructions.**

## United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)    A.    Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.    Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or

► The proceeding involves a question of exceptional importance; or

► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**

• A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).

• If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).

• If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.

• *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).

• An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)   Statement of Counsel**

• A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

• The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.

• The petition must be accompanied by a copy of the panel's decision being challenged.

• An answer, when ordered by the Court, shall comply with the same length limitations as the petition.

• If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system.  No paper copies are required unless the Court orders otherwise.  If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper.  No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ...........................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

# BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

<u>*Note:*</u> If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[                              ]  v.  [                              ]   9th Cir. No. [            ]

The Clerk is requested to tax the following costs against: [                              ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**** | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1.  Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs -** *Continued*

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

---

*(To Be Completed by the Clerk)*

Date [                    ]       Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk